**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ROSZENA RICHARD-BEY,<br>Individually and as Special Administrator of<br>DARRYL CLARK JR, deceased, and<br>LISA WILEY, mother and Special Administrator of<br>LAMONT TAYLOR, deceased,<br>  Plaintiffs,<br><br>vs.<br><br>KAMIL TRANSPORATION LLC., and<br>IDRISS CABDINAASIR ADAN, Individually and<br>As agent, servant, and/or employee of KAMIL<br>TRANSPORATION LLC, AHMED ABDULLE<br>And Unknown Insurance Companies.<br><br>  Defendants. | )<br>)<br>)<br>)<br>) No.   15-cv-742<br>)<br>)<br>) Honorable Judge Manish S. Shah<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| KAMIL TRANSPORATION and<br>IDRISS CABDINAASIR ADAN<br><br>Counter-Plaintiffs<br><br>vs.<br><br>ROSZENA RICHARD-BEY, Individually and as<br>Special Administrator of the<br>Estate of DARRY CLARK JR.<br><br>Counter-Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S FOURTH AMENDED COMPLAINT**

NOW COME the plaintiffs, ROSZENA RICHARD-BEY, individually, and as Special Administrator of DARRYL CLARK JR., deceased, and LISA WILEY, mother and Special Administrator of LAMONT TAYLOR, deceased, and through their attorneys, TYLER LAW OFFICES, and complains of the defendants, KAMIL TRANSPORTATION LLC, and IDRISS CABDINAASIR ADAN, individually and as agent, servant, and/or employee of KAMIL TRANSPORRATION LLC., and AHMED ABDULLE. allege as follows:

1

## STATEMENT OF VENUE AND JURISDICTION

1.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. Section 1332, for diversity of citizenship and Plaintiff claims an amount in controversy exceeding $75,000.00.

2.  Venue is appropriate in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. § 1391(b); substantial part of the events complained of occurred in Cook County, located in this district.

## PARTIES

3.  That at all times complained of herein, plaintiffs DARRYL CLARK JR., deceased, and ROSZENA RICHARD-BEY were residents of the city of Chicago, county of Cook, state of Illinois and that at all times complained of herein, plaintiffs LAMONT TAYLOR, deceased, and LISA WILEY were residents of the city of Chicago, county of Cook, state of Illinois.

4.  That on or about October 5, 2014, the defendant KAMIL TRANSPORTATION LLC., (hereinafter referred to as "KAMIL") was and is a North Carolina limited liability corporation.

5.  That on or about October 5, 2014, the defendant IDRISS CABDINAASIR ADAN (hereinafter referred to as "ADAN") was a resident of the city of Charlotte state of North Carolina.

6.  That on or about October 5, 2014, the defendant AHMED ABDULLE (hereinafter referred to as "ABDULLE") was a resident of the city of Owatonna state of Minnesota.

7.  That on or about October 5, 2014, the defendants Unknown Insurance Companies (hereinafter referred to as "UNKNOWN INSURANCE Co") resided outside the state of Illinois.

## FACTS

8.  That on or about October 5, 2014, the defendant KAMIL was and is an interstate freight hauler company.

9.  That on or about October 5, 2014, the defendant ADAN was an apparent and actual agent, servant and/or employee of defendant KAMIL, and was acting within the scope of said agency and employment agency.

10. That on or about October 5, 2014, the defendant ABDULLE owned the trailer and underride guard which are the subjects of this lawsuit.

11. That on October 5, 2014, plaintiff DARRYL CLARK JR operated a 2014 Chevrolet Impala southbound on I-94 near Cottage Grove Avenue in Chicago, county of Cook, state of Illinois, with plaintiff LAMONT TAYLOR traveling in the passenger seat.

12. That at said time and place, the defendant, ADAN, individually and as an agent, servant, and/or employee of KAMIL operated a 2010 Perterbilt Motors Truck, which was owned by KAMIL, over

the aforementioned Illinois state route 94 in a southerly direction near Cottage Grove Avenue when the defendant came to a sudden stop in the center lane when it was unsafe to do so, causing the plaintiff's vehicle to strike the truck from behind. As a result of the collision both DARRYL CLARK JR and LAMONT TAYLOR were pronounced dead at the scene.

13. That after the collision at the request of the defendant, ADAN, individually and as an agent, servant, and/or employee of Kamil Transportation, KAMIL or at the request of the defendant ABDULLE, the trailer was transported to a storage facility by employees of Maximum Towing and Recovery , where it was held at an isolated garage/storage facility.

14. That approximately one week after the accident an adjuster with UNKOWN INSURANCE Co., representing the defendant ABULLE ventured to the storage facility and after an inspection of the aforementioned trailer determined that it was a total loss.

15. That on November 20, 2014 the Plaintiff's by and through their attorney Tyler Law Offices filed a complaint in the Law Division of Cook County and an appearance was filed by the defendants KAMIL and ADAN on December 2, 2014.  In their complaint the Plaintiffs amongst their other allegations asserted that a defective in the construction or the defective condition of the underride guard/trailer caused the Plaintiffs to be severely harmed and ultimately die. That in filing its complaint the Plaintiffs put any and all potential litigants on notice of their claims.

16. That on November 18, 2014 Plaintiff's counsel in seeking to preserve the trailer/underride guard, sent letters of representation to the defendant KAMIL, as well as its insurance company requesting that each "preserve and not alter any and all involved equipment" related to the collision on October 5, 2014. That on or about November 21, 2014 and November 24, 2014 the aforementioned preservation letters were received by the Defendant, KAMIL and their insured respectively.

17. That for a long time after the collision the UNKOWN INSURANCE Co., ABDULLE and/or KAMIL as well as each their employees/agents/servants were aware of the death of the Plaintiffs and that the trailer/underride guard was material to the Plaintiff's lawsuit, such that for a long period of time after the collision, the Defendants requested the trailer be preserved at Maximum Towing's isolated garage/storage unit for the Plaintiffs to investigate, inspect, examine and/or otherwise test.

18. That after receiving the aforementioned preservation letters the defendants KAMIL and their Insurance company should have ensured the preservation of the trailer/underride guard. In addition, the perseveration letters were likely to have been or should have been forwarded/made available to KAMIL's insurance provider, the defendant ABDULLE, his insurance company as well as any and all potential Defendants. That after the Collision on October 5, 2014, on information and belief the Defendant KAMIL was in communication with the Defendant ABDULLE regarding the accident, the preservation of the trailer/underride guard and that a lawsuit was filed against him and the driver of the truck, ADAN and that at all times each of the defendants was in communication with UNKOWN INSURANCE Co.

19. That approximately four (4) months after the collision and the filing of this lawsuit, as well as nearly three (3) months after the Plaintiff's preservation letters had been received by the Defendant KAMIL and its insured, the defendant ABDULLE with a complete an utter disregard for the court

and the Plaintiff's pending cause of action, authorized the destruction of the subject trailer/underride guard in order to satisfy all or part of the fees that had been incurred during its storage, which the Plaintiff would have taken over to secure its preservation.

20. That the Defendant ABDULLE and UNKOWN INSURANCE Co. have held themselves out to the public as sophisticated members of the interstate trucking community. The seriousness and special nature of this collision required the attention and inquiry of special investigators with the Illinois State Police and the creation of a Level 2 accident Report. ABULLE and UNKNOWN INSURANE Co's combined knowledge and experience in the profession elevate there understanding of vehicular accidents. Therefore given the unique and extraordinary circumstances surrounding the collision and the deaths of two individuals, DARRYL CLARK JR and LAMONT TAYLOR, particularly after its initial preservation the trailer/underride guard should not have been destroyed as it was material evidence to anticipated or pending litigation.

## COUNT I
## NEGLIGENCE
## KAMIL TRANSPORTATION LLC
## DARRYL CLARK JR.

1. Plaintiff reincorporates and realleges Paragraphs one (1) through Twenty (20) above with the same force and effect as if fully set forth herein.

21. That at all time referenced herein, plaintiff DARRYL CLARK JR, exercised reasonable care for his safety and the safety of others.

22. That at all time referenced herein, KAMIL, by and through their duly authorized agent, servant, and/or employee ADAN owed a duty to operate the automobile with reasonable care and caution, for the safety of the plaintiff and others.

23. That on the date and at the location referenced herein, the defendant KAMIL, by and through their duly authorized agent, servant and/or employee, ADAN, breached their aforementioned duty and were guilty of one or more of the following careless and negligent acts or omissions:

    a. Carelessly and negligently operated said motor vehicle without keeping a proper and sufficient lookout for other motor vehicles in and about the area more particularly for plaintiff's vehicle;

    b. Carelessly and negligently failed to observe plaintiffs' vehicle when coming to a sudden stop, resulting in plaintiff's vehicle striking the rear of the truck and causing injuries;

    c. Carelessly and negligently stopped in the center lane of a highway without using emergency flashers or other warning lights;

    d. Carelessly and negligently failed to follow federal laws requiring trucking companies to inspect, maintain, and repair their vehicles, particularly the rear guard of the trailer and its undercarriage;

4

e.  Carelessly and negligently allowed the subject trailer to use a rear guard that was defective and dangerous to others;

f.  Carelessly and negligently maintained adequate visibility on the back of the trailer by failing to repair or replace the dim, dirty, and faulty taillights and other reflective markings;

g.  Carelessly and negligently failed to properly train, monitor or advise its employees regarding the maintenance, repair or inspection of the vehicle, in particularly the rear guard of the trailer and its undercarriage; and

h.  Was otherwise careless and negligent.

24.  As a direct result of the automobile collision and negligence of Defendant, the Plaintiffs have suffered conscious pain and suffering, sustained fatal bodily injuries, incurred funeral expenses, and other damages.

25.  All of the above damages were directly and proximately caused by the aforementioned negligence of defendant KAMIL, and were incurred without contributory negligence or assumption of risk on the part of the decedent, DARRYL CLARK JR, or an opportunity for DARRYL CLARK JR to avoid the accident.

WHEREFORE, plaintiff ROSZENA RICHARD-BEY, individually, and as Special Administrator of DARRYL CLARK JR., demand judgment against defendant KAMIL TRANSPORTATION LLC., in an amount in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00) plus the costs of this lawsuit.

## COUNT II
## NEGLIGENCE
## IDRISS CABDINAASIR ADAN
## DARRYL CLARK JR.

1.  Plaintiff reincorporates and realleges Paragraphs one (1) through Twenty (20) above with the same force and effect as if fully set forth herein.

21.  That at all time referenced herein, plaintiff DARRYL CLARK, exercised reasonable care for his safety and the safety of others.

22.  That at all time referenced herein, defendant ADAN, as the duly authorized agent, servant, and/or employee of KAMIL, owed a duty to operate the automobile with reasonable care and caution, for the safety of the plaintiff and others.

23.  That on the date and at the location referenced herein, the defendant ADAN, as the duly authorizes agent, servant, and/or employee of KAMIL, breached his aforementioned duty and were guilty of one or more of the following careless and negligent acts or omissions:

a.  Carelessly and negligently operated said motor vehicle without keeping a proper and sufficient lookout for other motor vehicles in and about the area more particularly for

plaintiff's vehicle;

b.  Carelessly and negligently failed to observe plaintiffs' vehicle when coming to a sudden stop, resulting in plaintiff's vehicle striking the rear of the truck and causing injuries;

c.  Carelessly and negligently stopped in the center lane of a highway without using emergency flashers or other warning lights;

d.  Carelessly and negligently failed to follow federal laws requiring trucking companies to inspect, maintain, and repair their vehicles, particularly the rear guard of the trailer and its undercarriage;

e.  Carelessly and negligently allowed the subject trailer to use a rear guard that was defective and dangerous to others;

f.  Carelessly and negligently maintained adequate visibility on the back of the trailer by failing to repair or replace the dim, dirty, and faulty taillights and other reflective markings;

g.  Carelessly and negligently failed to properly maintain, repair or inspection the vehicle, in particular the rear guard of the trailer and its undercarriage; and

h.  Was otherwise careless and negligent.

24. As a direct result of the automobile collision and negligence of Defendant, the plaintiffs have suffered conscious pain and suffering, sustained fatal bodily injuries, incurred funeral expenses, and other damages.

25. All of the above damages were directly and proximately caused by the aforementioned negligence of defendant ADAN, and were incurred without contributory negligence or assumption of risk on the part of the decedent, DARRYL CLARK, or an opportunity for DARRYL CLARK to avoid the accident.

WHEREFORE, plaintiff ROSZENA RICHARD-BEY, individually, and as Special Administrator of DARRYL CLARK JR., demand judgment against IDRISS CABDINAASIR ADAN in an amount in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00) plus the costs of this lawsuit.

## COUNT III
## WRONGFUL DEATH
## KAMIL TRANSPORTATION LLC
## DARRYL CLARK JR.

1.  Plaintiff reincorporates and realleges Paragraphs one (1) through Twenty (20) above with the same force and effect as if fully set forth herein.

21. That at all time referenced herein, plaintiff DARRYL CLARK JR, exercised reasonable care for his safety and the safety of others.

22. That at all time referenced herein, KAMIL, by and through their duly authorized agent, servant, and/or employee ADAN owed a duty to operate the automobile with reasonable care and caution, for the safety of the plaintiff and others.

23. That on the date and at the location referenced herein, the defendant KAMIL, by and through their duly authorized agent, servant and/or employee, ADAN, breached their aforementioned duty and were guilty of one or more of the following careless and negligent acts or omissions:

    a. Carelessly and negligently operated said motor vehicle without keeping a proper and sufficient lookout for other motor vehicles in and about the area more particularly for plaintiff's vehicle;

    b. Carelessly and negligently failed to observe plaintiffs' vehicle when coming to a sudden stop, resulting in plaintiff's vehicle striking the rear of the truck and causing injuries;

    c. Carelessly and negligently stopped in the center lane of a highway without using emergency flashers or other warning lights;

    d. Carelessly and negligently failed to follow federal laws requiring trucking companies to inspect, maintain, and repair their vehicles, particularly the rear guard of the trailer and its undercarriage;

    e. Carelessly and negligently allowed the subject trailer to use a rear guard that was defective and dangerous to others;

    f. Carelessly and negligently maintained adequate visibility on the back of the trailer by failing to repair or replace the dim, dirty, and faulty taillights and other reflective markings; and

    g. Was otherwise careless and negligent.

24. As a direct and proximate result of defendant KAMIL's negligence and breach of duties owed to plaintiff, the plaintiff sustained fatal bodily injuries and was taken to the medical examiner's office where he was pronounced dead.

25. As a direct and proximate result of defendant KAMIL's negligence in causing the death of DARRYL CLARK JR., plaintiff ROSZENA RICHARD-BEY has sustained loss, mental anguish, emotional pain and suffering, loss of society, loss of companionship, loss of comfort, loss of protection, loss of parental care, loss of advice, loss of counsel, loss of training, loss of guidance, loss of education and loss of filial care.

WHEREFORE, plaintiff ROSZENA RICHARD-BEY, individually, and as Special Administrator of DARRYL CLARK JR., demand judgment against the defendant KAMIL TRANSPORTATION LLC for their wrongful death claims, jointly and severally in an amount in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00) plus the costs of this lawsuit.

## COUNT IV
## WRONGFUL DEATH
## IDRISS CABDINAASIR ADAN
## DARRYL CLARK JR.

1. Plaintiff reincorporates and realleges Paragraphs one (1) through Twenty (20) above with the same force and effect as if fully set forth herein.

21. That at all time referenced herein, plaintiff DARRYL CLARK, exercised reasonable care for his safety and the safety of others.

22. That at all time referenced herein, defendant ADAN, as the duly authorized agent, servant, and/or employee of KAMIL, owed a duty to operate the automobile with reasonable care and caution, for the safety of the plaintiff and others.

23. That on the date and at the location referenced herein, the defendant ADAN, as the duly authorizes agent, servant, and/or employee of KAMIL, breached his aforementioned duty and were guilty of one or more of the following careless and negligent acts or omissions:

    a. Carelessly and negligently operated said motor vehicle without keeping a proper and sufficient lookout for other motor vehicles in and about the area more particularly for plaintiff's vehicle;

    b. Carelessly and negligently failed to observe plaintiffs' vehicle when coming to a sudden stop, resulting in plaintiff's vehicle striking the rear of the truck and causing injuries;

    c. Carelessly and negligently stopped in the center lane of a highway without using emergency flashers or other warning lights;

    d. Carelessly and negligently failed to follow federal laws requiring trucking companies to inspect, maintain, and repair their vehicles, particularly the rear guard of the trailer and its undercarriage;

    e. Carelessly and negligently allowed the subject trailer to use a rear guard that was defective and dangerous to others;

    f. Carelessly and negligently maintained adequate visibility on the back of the trailer by failing to repair or replace the dim, dirty, and faulty taillights and other reflective markings; and

    g. Was otherwise careless and negligent.

24. As a direct and proximate result of defendant ADAN's negligence and breach of duties owed to plaintiff, the plaintiff sustained fatal bodily injuries and was taken to the medical examiner's office where he was pronounced dead.

25. As a direct and proximate result of defendant ADAN's negligence in causing the death of DARRYL CLARK JR., plaintiff ROSZENA RICHARD-BEY have sustained loss, mental anguish, emotional pain and suffering, loss of society, loss of companionship, loss of comfort, loss of protection, loss of parental care, loss of advice, loss of counsel, loss of training, loss of guidance, loss of education and loss of filial care.

WHEREFORE, plaintiff ROSZENA RICHARD-BEY, individually, and as Special Administrator of DARRYL CLARK JR., demand judgment against the defendant IDRISS CABDINAASIR ADAN for their wrongful death claims, jointly and severally in an amount in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00) plus the costs of this lawsuit.

## COUNT V
## RESPONDEAT SUPERIOR
## DARRYL CLARK JR.

The plaintiffs incorporate herein by reference all preceding paragraphs.

1. At all times relevant hereto, defendant IDRISS CABDINAASIR ADAN was employed by, and was an agent, servant and/or employee of defendant KAMIL TRANSPORTATION LLC.

2. The above-described acts of defendant IDRISS CARBINAASIS ADAN were committed within the scope of his employment with defendant KAMIL TRANSPORTATION LLC, in that they were committed while on duty and in furtherance of defendant KAMIL TRANSPORTATION.

3. As defendant IDRISS ADAN's employer, defendant KAMIL TRANSPORTATION is responsible for all of the negligent acts committed by defendant IDRISS ADAN within the scope of his employment.

WHEREFORE, plaintiff ROSZENA RICHARD-BEY, individually, and as Special Administrator of DARRYL CLARK JR.,  demand judgment against defendant KAMIL TRANSPORTATION LLC in an amount in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00) plus the costs of this lawsuit.

## COUNT VI
## NEGLIGENCE
## KAMIL TRANSPORTATION LLC
## LAMONT TAYLOR

1. Plaintiff reincorporates and realleges Paragraphs one (1) through Twenty (20) of this complaint with the same force and effect as if fully set forth herein.

21. That at all time referenced herein, plaintiff LAMONT TAYLOR, exercised reasonable care for his safety and the safety of others.

22. That at all time referenced herein, KAMIL, by and through their duly authorized agent, servant, and/or employee ADAN owed a duty to operate the automobile with reasonable care and caution,

for the safety of the plaintiff and others.

23. That on the date and at the location referenced herein, the defendant KAMIL, by and through their duly authorized agent, servant and/or employee, ADAN, breached their aforementioned duty and were guilty of one or more of the following careless and negligent acts or omissions:

   a. Carelessly and negligently operated said motor vehicle without keeping a proper and sufficient lookout for other motor vehicles in and about the area more particularly for plaintiff's vehicle;

   b. Carelessly and negligently failed to observe plaintiffs' vehicle when coming to a sudden stop, resulting in plaintiff's vehicle striking the rear of the truck and causing injuries;

   c. Carelessly and negligently stopped in the center lane of a highway without using emergency flashers or other warning lights;

   d. Carelessly and negligently failed to follow federal laws requiring trucking companies to inspect, maintain, and repair their vehicles, particularly the rear guard of the trailer and its undercarriage;

   e. Carelessly and negligently allowed the subject trailer to use a rear guard that was defective and dangerous to others;

   f. Carelessly and negligently maintained adequate visibility on the back of the trailer by failing to repair or replace the dim, dirty, and faulty taillights and other reflective markings; and

   g. Was otherwise careless and negligent.

24. As a direct result of the automobile collision and negligence of Defendant, the plaintiffs have suffered conscious pain and suffering, sustained fatal bodily injuries, incurred funeral expenses, and other damages.

25. All of the above damages were directly and proximately caused by the aforementioned negligence of defendant KAMIL, and were incurred without contributory negligence or assumption of risk on the part of the decedent, LAMONT TAYLOR, or an opportunity for LAMONT TAYLOR to avoid the accident.

   WHEREFORE, plaintiff LISA WILEY, individually, and as Special Administrator of LAMONT TAYLOR, demand judgment against defendant KAMIL TRANSPORTATION LLC., in an amount in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00) plus the costs of this lawsuit.

**COUNT VII**
**NEGLIGENCE**
**IDRISS CABDINAASIR ADAN**
**LAMONT TAYLOR**

1. Plaintiff reincorporates and realleges Paragraphs one (1) through Twenty (20) of this complaint with the same force and effect as if fully set forth herein.

21. That at all time referenced herein, plaintiff LAMONT TAYLOR, exercised reasonable care for his safety and the safety of others.

22. That at all time referenced herein, defendant ADAN, as the duly authorized agent, servant, and/or employee of KAMIL, owed a duty to operate the automobile with reasonable care and caution, for the safety of the plaintiff and others.

23. That on the date and at the location referenced herein, the defendant ADAN, as the duly authorizes agent, servant, and/or employee of KAMIL, breached his aforementioned duty and were guilty of one or more of the following careless and negligent acts or omissions:

    a. Carelessly and negligently operated said motor vehicle without keeping a proper and sufficient lookout for other motor vehicles in and about the area more particularly for plaintiff's vehicle;

    b. Carelessly and negligently failed to observe plaintiffs' vehicle when coming to a sudden stop, resulting in plaintiff's vehicle striking the rear of the truck and causing injuries;

    c. Carelessly and negligently stopped in the center lane of a highway without using emergency flashers or other warning lights;

    d. Carelessly and negligently failed to follow federal laws requiring trucking companies to inspect, maintain, and repair their vehicles, particularly the rear guard of the trailer and its undercarriage;

    e. Carelessly and negligently allowed the subject trailer to use a rear guard that was defective and dangerous to others;

    f. Carelessly and negligently maintained adequate visibility on the back of the trailer by failing to repair or replace the dim, dirty, and faulty taillights and other reflective markings; and

    g. Was otherwise careless and negligent.

24. As a direct result of the automobile collision and negligence of Defendant, the plaintiffs have suffered conscious pain and suffering, sustained fatal bodily injuries, incurred funeral expenses, and other damages.

25. All of the above damages were directly and proximately caused by the aforementioned negligence of defendant ADAN, and were incurred without contributory negligence or assumption of risk on the part of the decedent, LAMONT TAYLOR, or an opportunity for LAMONT TAYLOR to avoid the accident.

WHEREFORE, plaintiff LISA WILEY, individually, and as Special Administrator of LAMONT

TAYLOR, demand judgment against defendant IDRISS CABDINAASIR ADAN in an amount in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00) plus the costs of this lawsuit.

**COUNT VIII**
**WRONGFUL DEATH**
**KAMIL TRANSPORTATION LLC**
**LAMONT TAYLOR**

1. Plaintiff reincorporates and realleges Paragraphs one (1) through Twenty (20) of this complaint with the same force and effect as if fully set forth herein.

21. That at all time referenced herein, plaintiff LAMONT TAYLOR, exercised reasonable care for his safety and the safety of others.

22. That at all time referenced herein, KAMIL, by and through their duly authorized agent, servant, and/or employee ADAN owed a duty to operate the automobile with reasonable care and caution, for the safety of the plaintiff and others.

23. That on the date and at the location referenced herein, the defendant KAMIL, by and through their duly authorized agent, servant and/or employee, ADAN, breached their aforementioned duty and were guilty of one or more of the following careless and negligent acts or omissions:

    a. Carelessly and negligently operated said motor vehicle without keeping a proper and sufficient lookout for other motor vehicles in and about the area more particularly for plaintiff's vehicle;

    b. Carelessly and negligently failed to observe plaintiffs' vehicle when coming to a sudden stop, resulting in plaintiff's vehicle striking the rear of the truck and causing injuries;

    c. Carelessly and negligently stopped in the center lane of a highway without using emergency flashers or other warning lights;

    d. Carelessly and negligently failed to follow federal laws requiring trucking companies to inspect, maintain, and repair their vehicles, particularly the rear guard of the trailer and its undercarriage;

    e. Carelessly and negligently allowed the subject trailer to use a rear guard that was defective and dangerous to others;

    f. Carelessly and negligently maintained adequate visibility on the back of the trailer by failing to repair or replace the dim, dirty, and faulty taillights and other reflective markings; and

    g. Was otherwise careless and negligent.

24. As a direct and proximate result of defendant KAMIL's negligence and breach of duties owed to plaintiff, the plaintiff sustained fatal bodily injuries and was taken to the medical examiner's office

where he was pronounced dead.

25. As a direct and proximate result of defendant KAMIL's negligence in causing the death of LAMONT TAYLOR plaintiff LISA WILEY has sustained loss, mental anguish, emotional pain and suffering, loss of society, loss of companionship, loss of comfort, loss of protection, loss of parental care, loss of advice, loss of counsel, loss of training, loss of guidance, loss of education and loss of filial care.

WHEREFORE, plaintiff LISA WILEY, individually, and as Special Administrator of LAMONT TAYLOR, demand judgment against the defendant KAMIL TRANSPORTATION LLC for their wrongful death claims, jointly and severally in an amount in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00) plus the costs of this lawsuit.

**COUNT IX**
**WRONGFUL DEATH**
**IDRISS CABDINAASIR ADAN**
**LAMONT TAYLOR**

1. Plaintiff reincorporates and realleges Paragraphs one (1) through Twenty (20) of this complaint with the same force and effect as if fully set forth herein.

21. That at all time referenced herein, plaintiff LAMONT TAYLOR, exercised reasonable care for his safety and the safety of others.

22. That at all time referenced herein, defendant ADAN, as the duly authorized agent, servant, and/or employee of KAMIL, owed a duty to operate the automobile with reasonable care and caution, for the safety of the plaintiff and others.

23. That on the date and at the location referenced herein, the defendant ADAN, as the duly authorizes agent, servant, and/or employee of KAMIL, breached his aforementioned duty and were guilty of one or more of the following careless and negligent acts or omissions:
   more of the following careless and negligent acts or omissions:

   a. Carelessly and negligently operated said motor vehicle without keeping a proper and sufficient lookout for other motor vehicles in and about the area more particularly for plaintiff's vehicle;

   b. Carelessly and negligently failed to observe plaintiffs' vehicle when coming to a sudden stop, resulting in plaintiff's vehicle striking the rear of the truck and causing injuries;

   c. Carelessly and negligently stopped in the center lane of a highway without using emergency flashers or other warning lights;

   d. Carelessly and negligently failed to follow federal laws requiring trucking companies to inspect, maintain, and repair their vehicles, particularly the rear guard of the trailer and its undercarriage;

   e. Carelessly and negligently allowed the subject trailer to use a rear guard that was defective

and dangerous to others;

    f.   Carelessly and negligently maintained adequate visibility on the back of the trailer by failing to repair or replace the dim, dirty, and faulty taillights and other reflective markings; and

    g.   Was otherwise careless and negligent.

24.   As a direct and proximate result of defendant ADAN's negligence and breach of duties owed to plaintiff, the plaintiff sustained fatal bodily injuries and was taken to the medical examiner's office where he was pronounced dead.

25.   As a direct and proximate result of defendant ADAN's negligence in causing the death of LAMONT TAYLOR, plaintiff LISA WILEY have sustained loss, mental anguish, emotional pain and suffering, loss of society, loss of companionship, loss of comfort, loss of protection, loss of parental care, loss of advice, loss of counsel, loss of training, loss of guidance, loss of education and loss of filial care.

WHEREFORE, plaintiff LISA WILEY, individually, and as Special Administrator of LAMONT TAYLOR demand judgment against the defendant IDRISS CABDINAASIR ADAN for their wrongful death claims, jointly and severally in an amount in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00) plus the costs of this lawsuit.

### COUNT X
### RESPONDEAT SUPERIOR
### LAMONT TAYLOR

The plaintiffs incorporate herein by reference all preceding paragraphs.

1.   At all times relevant hereto, defendant IDRISS CABDINAASIR ADAN was employed by, and was an agent, servant and/or employee of defendant KAMIL TRANSPORTATION LLC.

2.   The above-described acts of defendant IDRISS CARBINAASIS ADAN were committed within the scope of his employment with defendant KAMIL TRANSPORTATION LLC, in that they were committed while on duty and in furtherance of defendant KAMIL TRANSPORTATION.

3.   As defendant IDRISS ADAN's employer, defendant KAMIL TRANSPORTATION is responsible for all of the negligent acts committed by defendant IDRISS ADAN within the scope of his employment.

WHEREFORE, plaintiff LISA WILEY, individually, and as Special Administrator of LAMONT TAYLOR demand judgment against defendant KAMIL TRANSPORTATION LLC in an amount in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00) plus the costs of this lawsuit.

### COUNT XI
### SPOLIATION
### AHMED ABDULLE
### LAMONT TAYLOR

1. Plaintiff reincorporates and realleges Paragraphs one (1) through Twenty (20) of this complaint with the same force and effect as if fully set forth herein.

21. That upon information and belief, shortly after the accident with the Plaintiff's vehicle, the Defendant ABDULLE, voluntarily caused the subject trailer/underride guard to be segregated and stored at a facility owned by Maximum Towing.

22. That upon information and belief, the Defendant ABDULLE, had control and custody of the subject trailer/underride guard following the accident and for a long period of time thereafter.

23. At all relevant times, the Defendant ABDULLE, and/or his agents, knew or should have known that the subject trailer/underride guard was relevant and material evidence to anticipated litigation, namely the instant lawsuit.

24. That at all relevant times the Defendant ABDULLE, and/or his agents were the only individuals who could authorize the destruction of the trailer/underride guard and did so in February of 2015.

25. At all relevant times, the Defendant ABDULLE, in so volunteering to store trailer/underride guard for the Plaintiff, owed a duty to preserve the subject trailer in order to allow the Plaintiffs the opportunity to investigate, inspect, examine and/or test the subject trailer/underride guard which the Plaintiffs' have claimed was defective and/or unreasonably dangerous.

26. Notwithstanding said duties, and in breach thereof, the Defendant, ABDULLE, was careless and negligent in one or more of the following ways:

   a. Failed to properly preserve, protect and maintain evidence, specifically the subject trailer/underride guard, after the incident, even though he knew or should have known that the subject trailer/underride guard were material evidence in the instant case and any anticipated litigation;

   b. Discarded and/or allowed the subject trailer/underride guard to be discarded prior to the allowing the Plaintiffs the opportunity to inspect, examine and/or test the subject trailer/underride guard even though he knew or should have known that the subject trailer/underride guard was material evidence in the instant case or anticipated litigation;

   c. Was otherwise careless and negligent.

25. That the destroyed underride guard/trailer was a central piece of evidence in this matter and as a direct and proximate result of the aforesaid negligent acts and/or omissions of the Defendant, ABDULLE, the Plaintiffs have been additionally harmed as this deprivation has impeded their ability to fully and adequately pursue its allegations against the defendants, in that the Plaintiffs have not been able to examine, inspect and/or test the subject trailer/underride guard.

WHEREFORE, plaintiff LISA WILEY, individually, and as Special Administrator of LAMONT TAYLOR demand judgment against defendant AHMED ABDULLE in an amount in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00) plus the costs of this lawsuit.

**COUNT XII**
**SPOLIATION**
**KAMIL TRANSPORTATION LLC**
**LAMONT TAYLOR**

1. Plaintiff reincorporates and realleges Paragraphs one (1) through Twenty (20) of this complaint with the same force and effect as if fully set forth herein.

21. That upon information and belief, the Defendant KAMIL, had control and custody of the subject trailer/underride guard following the accident and for a long period of time thereafter until its destruction.

22. At all relevant times, the Defendant KAMIL and/or his agents, knew or should have known that the subject trailer/underride guard was relevant and material evidence to anticipated litigation, namely the instant lawsuit.

23. At all relevant times, the Defendant KAMIL, owed a duty to preserve the subject trailer in order to allow the Plaintiffs the opportunity to investigate, inspect, examine and/or test the subject trailer/underride guard which the Plaintiffs' have claimed was defective and/or unreasonably dangerous.

24. Notwithstanding said duties, and in breach thereof, the Defendant, KAMIL, was careless and negligent in one or more of the following ways:

    a. Failed to properly preserve, protect and maintain evidence, specifically the subject trailer/underride guard, after the incident, even though he knew or should have known that the subject trailer/underride guard were material evidence in the instant case or anticipated litigation;

    b. Discarded and/or allowed the subject trailer/underride guard to be discarded prior to the allowing the Plaintiffs the opportunity to inspect, examine and/or test the subject trailer/underride guard even though he knew or should have known that the subject trailer/underride guard was material evidence in the instant case or anticipated litigation;

    c. Was otherwise careless and negligent.

25. That the destroyed underride guard/trailer was a central piece of evidence in this matter and as a direct and proximate result of the aforesaid negligent acts and/or omissions of the Defendant, KAMIL, the Plaintiffs have been additionally harmed as this deprivation has impeded their ability to fully and adequately pursue its allegations against the defendants, in that the Plaintiffs have not been able to examine, inspect and/or test the subject trailer/underride guard.

WHEREFORE, plaintiff LISA WILEY, individually, and as Special Administrator of LAMONT TAYLOR demand judgment against defendant KAMIL TRANSPORTATION LLC in an amount in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00) plus the costs of this lawsuit.

### COUNT XIII
### SPOLIATION
### IDRISS CABDINAASIR ADAN
### LAMONT TAYLOR

1. Plaintiff reincorporates and realleges Paragraphs one (1) through Twenty (20) of this complaint with the same force and effect as if fully set forth herein.

21. That upon information and belief, the Defendant ADAN, had control and custody of the subject trailer/underride guard following the accident and for a long period of time thereafter.

22. At all relevant times, the Defendant ADAN and/or his agents, knew or should have known that the subject trailer/underride guard was relevant and material evidence to anticipated litigation, namely the instant lawsuit.

23. At all relevant times, the Defendant ADAN, owed a duty to preserve the subject trailer in order to allow the Plaintiffs the opportunity to investigate, inspect, examine and/or test the subject trailer/underride guard which the Plaintiffs' have claimed was defective and/or unreasonably dangerous.

24. Notwithstanding said duties, and in breach thereof, the Defendant, ADAN, was careless and negligent in one or more of the following ways:

    a. Failed to properly preserve, protect and maintain evidence, specifically the subject trailer/underride guard, after the incident, even though he knew or should have known that the subject trailer/underride guard were material evidence in the anticipated litigation;

    b. Discarded and/or allowed the subject trailer/underride guard to be discarded prior to the allowing the Plaintiffs the opportunity to inspect, examine and/or test the subject trailer/underride guard even though he knew or should have known that the subject trailer/underride guard was material evidence in the instant case or anticipated litigation;

    c. Was otherwise careless and negligent.

25. That the destroyed underride guard/trailer was a central piece of evidence in this matter and as a direct and proximate result of the aforesaid negligent acts and/or omissions of the Defendant, ADAN, the Plaintiffs have been additionally harmed as this deprivation has impeded their ability to fully and adequately pursue its allegations against the defendants, in that the Plaintiffs have not been able to examine, inspect and/or test the subject trailer/underride guard.

WHEREFORE, plaintiff LISA WILEY, individually, and as Special Administrator of LAMONT TAYLOR demand judgment against defendant IDRISS CABDINAASIR ADAN in an amount in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00) plus the costs of this lawsuit.

### COUNT XIV
### SPOLIATION

## AHMED ABDULLE
## DARRYL CLARK JR.

1. Plaintiff reincorporates and realleges Paragraphs one (1) through Twenty (20) of this complaint with the same force and effect as if fully set forth herein.

21. That upon information and belief, the Defendant ABDULLE, voluntarily caused the subject trailer/underride guard to be segregated and stored at a facility owned by Maximum Towing.

22. That upon information and belief, the Defendant ABDULLE, had control and custody of the subject trailer/underride guard following the accident and for a long period of time thereafter.

23. At all relevant times, the Defendant ABDULLE, and/or his agents, knew or should have known that the subject trailer/underride guard was relevant and material evidence to anticipated litigation, namely the instant lawsuit.

24. That at all relevant time the Defendant ABDULLE, and/or his agents were the only individuals who could authorize the destruction of the trailer/underride guard.

25. At all relevant times, the Defendant ABDULLE, in so volunteering to store trailer/underride guard for the Plaintiff owed a duty to preserve the subject trailer in order to allow the Plaintiffs the opportunity to investigate, inspect, examine and/or test the subject trailer/underride guard which the Plaintiffs' have claimed was defective and/or unreasonably dangerous.

26. Notwithstanding said duties, and in breach thereof, the Defendant, ABDULLE, was careless and negligent in one or more of the following ways:

    a. Failed to properly preserve, protect and maintain evidence, specifically the subject trailer/underride guard, after the incident, even though he knew or should have known that the subject trailer/underride guard were material evidence in the anticipated litigation;

    b. Discarded and/or allowed the subject trailer/underride guard to be discarded prior to the allowing the Plaintiffs the opportunity to inspect, examine and/or test the subject trailer/underride guard even though he knew or should have known that the subject trailer/underride guard was material evidence in the instant case or anticipated litigation;

    c. Was otherwise careless and negligent.

26. That the destroyed underride guard/trailer was a central piece of evidence in this matter and as a direct and proximate result of the aforesaid negligent acts and/or omissions of the Defendant, ABDULLE, the Plaintiffs have been additionally harmed as this deprivation has impeded their ability to fully and adequately pursue its allegations against the defendants, in that the Plaintiffs have not been able to examine, inspect and/or test the subject trailer/underride guard.

WHEREFORE, plaintiff ROSZENA RICHARD-BEY, individually, and as Special Administrator of DARRYL CLARK JR., demand judgment against defendant KAMIL TRANSPORTATION LLC., in an amount in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00) plus the costs of this lawsuit.

## COUNT XV
## SPOLIATION
## KAMIL TRANSPORTATION LLC
## DARRYL CLARK JR.

1. Plaintiff reincorporates and realleges Paragraphs one (1) through Twenty (20) of this complaint with the same force and effect as if fully set forth herein.

21. That upon information and belief, the Defendant KAMIL, had control and custody of the subject trailer/underride guard following the accident and for a long period of time thereafter.

22. At all relevant times, the Defendant KAMIL and/or his agents, knew or should have known that the subject trailer/underride guard was relevant and material evidence to anticipated litigation, namely the instant lawsuit.

23. At all relevant times, the Defendant KAMIL, owed a duty to preserve the subject trailer in order to allow the Plaintiffs the opportunity to investigate, inspect, examine and/or test the subject trailer/underride guard which the Plaintiffs' have claimed was defective and/or unreasonably dangerous.

24. Notwithstanding said duties, and in breach thereof, the Defendant, KAMIL, was careless and negligent in one or more of the following ways:

   a. Failed to properly preserve, protect and maintain evidence, specifically the subject trailer/underride guard, after the incident, even though he knew or should have known that the subject trailer/underride guard were material evidence in the anticipated litigation;

   b. Discarded and/or allowed the subject trailer/underride guard to be discarded prior to the allowing the Plaintiffs the opportunity to inspect, examine and/or test the subject trailer/underride guard even though they knew or should have known that the subject trailer/underride guard was material evidence in the instant case or anticipated litigation;

   c. Where otherwise careless and negligent.

25. That the destroyed underride guard/trailer was a central piece of evidence in this matter and as a direct and proximate result of the aforesaid negligent acts and/or omissions of the Defendant, KAMIL, the Plaintiffs have been additionally harmed as this deprivation has impeded their ability to fully and adequately pursue its allegations against the defendants, in that the Plaintiffs have not been able to examine, inspect and/or test the subject trailer/underride guard.

WHEREFORE, plaintiff ROSZENA RICHARD-BEY, individually, and as Special Administrator of DARRYL CLARK JR., demand judgment against defendant KAMIL TRANSPORTATION LLC., in an amount in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00) plus the costs of this lawsuit.

## COUNT XVI

## SPOLIATION
## IDRISS CABDINAASIR ADAN
## DARRYL CLARK JR

1. Plaintiff reincorporates and realleges Paragraphs one (1) through Twenty (20) of this complaint with the same force and effect as if fully set forth herein.

21. That upon information and belief, the Defendant ADAN, had control and custody of the subject trailer/underride guard following the accident and for a long period of time thereafter.

22. At all relevant times, the Defendant ADAN and/or his agents, knew or should have known that the subject trailer/underride guard was relevant and material evidence to anticipated litigation, namely the instant lawsuit.

23. At all relevant times, the Defendant ADAN, owed a duty to preserve the subject trailer in order to allow the Plaintiffs the opportunity to investigate, inspect, examine and/or test the subject trailer/underride guard which the Plaintiffs' have claimed was defective and/or unreasonably dangerous.

24. Notwithstanding said duties, and in breach thereof, the Defendant, ADAN, was careless and negligent in one or more of the following ways:

   a. Failed to properly preserve, protect and maintain evidence, specifically the subject trailer/underride guard, after the incident, even though he knew or should have known that the subject trailer/underride guard were material evidence in the anticipated litigation;

   b. Discarded and/or allowed the subject trailer/underride guard to be discarded prior to the allowing the Plaintiffs the opportunity to inspect, examine and/or test the subject trailer/underride guard even though they knew or should have known that the subject trailer/underride guard was material evidence in the instant case or anticipated litigation;

   c. Was otherwise careless and negligent.

25. That the destroyed underride guard/trailer was a central piece of evidence in this matter and as a direct and proximate result of the aforesaid negligent acts and/or omissions of the Defendant, Adan, the Plaintiffs have been additionally harmed as this deprivation has impeded their ability to fully and adequately pursue its allegations against the defendants, in that the Plaintiffs have not been able to examine, inspect and/or test the subject trailer/underride guard.

WHEREFORE, plaintiff ROSZENA RICHARD-BEY, individually, and as Special Administrator of DARRYL CLARK JR., demand judgment against defendant KAMIL TRANSPORTATION LLC., in an amount in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00) plus the costs of this lawsuit.

## COUNT XVII
## SPOLIATION
## UNKNOWN INSURANCE Co.
## LAMONT TAYLOR

1. Plaintiff reincorporates and realleges Paragraphs one (1) through Twenty (20) of this complaint with the same force and effect as if fully set forth herein.

21. That upon information and belief, shortly after the accident with the Plaintiff's vehicle, the Defendant Unknown Insurance Co., voluntarily caused the subject trailer/underride guard to be segregated and stored at a facility owned by Maximum Towing.

22. That upon information and belief, the Defendant Unknown Insurance Co., after conducting a thorough inspection had control and custody of the subject trailer/underride guard following the accident and for a long period of time thereafter.

23. At all relevant times, the Defendant Unknown Insurance Co., and/or his agents, knew or should have known that the subject trailer/underride guard was relevant and material evidence to anticipated litigation, namely the instant lawsuit.

24. That at all relevant times the Defendant Unknown Insurance Co., and/or his agents were the only individuals who could authorize the destruction of the trailer/underride guard and did so in February of 2015.

25. At all relevant times, the Defendant Unknown Insurance Co., in so volunteering to store the trailer/underride guard for the Plaintiffs, owed a duty to preserve the subject trailer in order to allow the Plaintiffs the opportunity to investigate, inspect, examine and/or test the subject trailer/underride guard which the Plaintiffs' have claimed was defective and/or unreasonably dangerous.

26. Notwithstanding said duties, and in breach thereof, the Defendant, Unknown Insurance Co., was careless and negligent in one or more of the following ways:

   a. Failed to properly preserve, protect and maintain evidence, specifically the subject trailer/underride guard, after the incident, even though he knew or should have known that the subject trailer/underride guard were material evidence in the instant case and any anticipated litigation;

   b. Discarded and/or allowed the subject trailer/underride guard to be discarded prior to the allowing the Plaintiffs the opportunity to inspect, examine and/or test the subject trailer/underride guard even though he knew or should have known that the subject trailer/underride guard was material evidence in the instant case or anticipated litigation;

   c. Was otherwise careless and negligent.

27. That the destroyed underride guard/trailer was a central piece of evidence in this matter and as a direct and proximate result of the aforesaid negligent acts and/or omissions of the Defendant, Unknown Insurance Co., the Plaintiffs have been additionally harmed as this deprivation has impeded their ability to fully and adequately pursue its allegations against the defendants, in that the Plaintiffs have not been able to examine, inspect and/or test the subject trailer/underride guard.

WHEREFORE, plaintiff LISA WILEY, individually, and as Special Administrator of LAMONT TAYLOR  demand judgment against defendant Unknown Insurance Co.  in an amount in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00) plus the costs of this lawsuit.

## COUNT XVIII
### SPOLIATION
### UNKNOWN INSURANCE Co.
### DARRYL CLARK JR

1. Plaintiff reincorporates and realleges Paragraphs one (1) through Twenty (20) of this complaint with the same force and effect as if fully set forth herein.

21. That upon information and belief, shortly after the accident with the Plaintiff's vehicle, the Defendant Unknown Insurance Co., voluntarily caused the subject trailer/underride guard to be segregated and stored at a facility owned by Maximum Towing.

22. That upon information and belief, the Defendant Unknown Insurance Co., after conducting a thorough inspection had control and custody of the subject trailer/underride guard following the accident and for a long period of time thereafter.

23. At all relevant times, the Defendant Unknown Insurance Co., and/or his agents, knew or should have known that the subject trailer/underride guard was relevant and material evidence to anticipated litigation, namely the instant lawsuit.

24. That at all relevant times the Defendant Unknown Insurance Co., and/or his agents were the only individuals who could authorize the destruction of the trailer/underride guard and did so in February of 2015.

25. At all relevant times, the Defendant Unknown Insurance Co., in so volunteering to store the trailer/underride guard for the Plaintiffs, owed a duty to preserve the subject trailer in order to allow the Plaintiffs the opportunity to investigate, inspect, examine and/or test the subject trailer/underride guard which the Plaintiffs' have claimed was defective and/or unreasonably dangerous.

26. Notwithstanding said duties, and in breach thereof, the Defendant, Unknown Insurance Co., was careless and negligent in one or more of the following ways:

    a. Failed to properly preserve, protect and maintain evidence, specifically the subject trailer/underride guard, after the incident, even though he knew or should have known that the subject trailer/underride guard were material evidence in the instant case and any anticipated litigation;

    b. Discarded and/or allowed the subject trailer/underride guard to be discarded prior to the allowing the Plaintiffs the opportunity to inspect, examine and/or test the subject trailer/underride guard even though he knew or should have known that the subject trailer/underride guard was material evidence in the instant case or anticipated litigation;

    c.   Was otherwise careless and negligent.

27. That the destroyed underride guard/trailer was a central piece of evidence in this matter and as a direct and proximate result of the aforesaid negligent acts and/or omissions of the Defendant, Unknown Insurance Co., the Plaintiffs have been additionally harmed as this deprivation has impeded their ability to fully and adequately pursue its allegations against the defendants, in that the Plaintiffs have not been able to examine, inspect and/or test the subject trailer/underride guard.

WHEREFORE, plaintiff ROSZENA RICHARD-BEY, individually, and as Special Administrator of DARRYL CLARK JR., demand judgment against defendant Unknown Insurance Co., in an amount in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00) plus the costs of this lawsuit.


Respectfully submitted:

                        /s/Jesse R. Tyler
                        Timothy R. Tyler
                        Jesse R. Tyler
                        Attorney for Plaintiff
                        TYLER LAW OFFICES
                        120 W Madison St, Suite 204
                        Chicago, Illinois 60602
                        Telephone: (312)920-1745
                        Facsimile: (312)920-1749