UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROSEZENA RICHARD-BEY, individually and as special administrator of the estate of DARRYL CLARK, JR., deceased, et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>IDRISS CABDINAASIR ADAN, et al.,<br><br>　　　　　Defendants. | No. 15 CV 742<br><br>Judge Manish S. Shah |

## ORDER

Defendants' motions to dismiss [73] [84] are granted. Plaintiffs' claims against Ahmed Abdulle and Great Dane Trailers, Inc., are dismissed with prejudice.

## STATEMENT

On October 5, 2014, Darryl Clark and Lamont Taylor were in a car that crashed into a truck trailer with an underride guard, and both men died. Defendant Great Dane Trailers manufactured the trailer and its underride guard, and defendant Ahmed Abdulle owned it. After the collision, and after plaintiffs requested the preservation of evidence related to the crash, the trailer and the underride guard were destroyed. In a fifth amended complaint, filed on October 10, 2016, plaintiffs brought—among other claims—spoliation (negligence) claims against Abdulle and strict liability (defective and dangerous product) claims against Great Dane Trailers. Both defendants move to dismiss for failure to state a claim. Fed. R. Civ. P. 12(b)(6).

Illinois tort law governs here, and Illinois recognizes no duty on manufacturers to design a trailer that is safe for other vehicles to collide into. *Mieher v. Brown*, 54 Ill.2d 539, 545 (1973); *Beattie v. Lindelof*, 262 Ill. App. 3d 372, 380 (1st Dist. 1994); *Rennert v. Great Dane Ltd. P'ship*, 543 F.3d 914, 916–917 (7th Cir. 2008). Plaintiffs acknowledge that the law is against them, but argue that the Illinois Supreme Court might change its view, particularly in light of proposed regulations by the National Highway Traffic Safety Administration that might require safer rear-impact guards. The *Mieher-Beattie* line of cases is well-established, and faced

with a similar argument about regulatory changes that post-dated *Mieher-Beattie*, the court of appeals declined to anticipate any change in Illinois law. *Rennert*, 543 F.3d at 918. These are authoritative (and persuasive) decisions, and as a result, I conclude that Great Dane Trailers was under no duty to design or manufacture an underride guard that was safe for Clark and Taylor to collide into. Plaintiffs fail to state a tort claim against Great Dane Trailers.

In addition, plaintiffs' claims against Great Dane Trailers were filed more than two years after the crash, and are untimely. Plaintiffs argue that the amended complaint relates back to the original complaint, but no trailer manufacturer was ever named or given notice of this lawsuit until October 10, 2016. A claim against a new party does not relate back if the party brought in by the amendment did not receive notice of the action and did not know that the action would have been brought against it, but for a mistake concerning the party's identity. Fed. R. Civ. P. 15(c)(1)(C). Plaintiffs have not satisfied Rule 15(c)(1)(C).

Abdulle's complicity in the destruction of the trailer is the basis for the spoliation claims against him. These claims require plaintiffs to allege that the destruction of evidence was the proximate cause of their inability to prove an underlying lawsuit. If there is no viable underlying lawsuit, there is no spoliation claim. *Hartmann Realtors v. Biffar*, 2014 IL App (5th) 130543, ¶ 18, 13 N.E.3d 350, 357 (5th Dist. 2014). Plaintiffs concede—by offering no spoliation-specific argument in response to Abdulle's motion—that if the trailer and rear guard were not the source of any tort duties, then their destruction did not cause the inability to prove a lawsuit. As just discussed, there is no viable, alleged lawsuit based on the trailer and guard, and so the spoliation claims against Abdulle are dismissed.

Plaintiffs' request for leave to amend the complaint is denied. Plaintiffs have amended the complaint many times, fact discovery should be nearly completed, and plaintiffs do not suggest any amendment that would cure the defect in their theory concerning the underride guard. The proposal to amend to add a party that would destroy diversity jurisdiction would only complicate and delay resolution of the case. The request for certification of a question to the Illinois Supreme Court is denied, because Illinois Supreme Court Rule 20 does not authorize federal district courts to certify questions to the Illinois Supreme Court and *Mieher* provides controlling precedent on the question.

ENTER:

Date: 1/23/2017

Manish S. Shah
U.S. District Judge